AFM:MS/EWS
F. #2024R00943

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

IURII GUGNIN,
also known as "Iurii Mashukov"
and "George Goognin,"

Defendant.

S U P E R S E D I N G
I N F O R M A T I O N

Cr. No. 25-191 (S-1) (NRM)
(T. 18, U.S.C., §§ 371, 981(a)(1)(C), 982(a)(1), 982(b)(1), 1349, 1956(h), 2 and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c); T. 50, U.S.C., §§ 1705(a) and 1705(c))

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

THE UNITED STATES ATTORNEY CHARGES:

COUNT ONE
(Wire Fraud Conspiracy)

1. In or about and between April 2023 and June 2025, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant IURII GUGNIN, also known as "Iurii Mashukov" and "George Goognin," together with others, did knowingly and intentionally conspire to devise a scheme and artifice to defraud one or more U.S. companies, and to obtain money and property from them by means of one or more materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, to transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures and sounds, to wit: electronic communications, emails and other online communications and monetary

transfers in and through the Eastern District of New York and elsewhere, contrary to Title 18, United States Code, Section 1343.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

COUNT TWO
(Conspiracy to Defraud the United States)

2. In or about and between July 2022 and June 2025, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant IURII GUGNIN, also known as "Iurii Mashukov" and "George Goognin," together with others, did knowingly and willfully conspire to defraud the United States by impairing, impeding, obstructing and defeating, through deceitful and dishonest means, the lawful functions of the Department of the Treasury's Office of Foreign Assets Control ("OFAC") and the Department of Commerce's Bureau of Industry and Security ("BIS"), both agencies of the United States, in the enforcement of export control and economic sanctions laws and regulations, and the issuance of licenses relating to the export of goods and provision of financial services.

3. In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendant IURII GUGNIN, also known as "Iurii Mashukov" and "George Goognin," together with others, did commit and cause the commission of, among others, the following:

OVERT ACTS

(a) On or about April 18, 2023, GUGNIN, while present in the United States, responded to an email from an Alfa-Bank representative and asked, in sum and substance, whether Alfa-Bank's system would automatically repay GUGNIN's loan balance if he added 719,706.16 RUB to his account.

(b) On or about December 20, 2023, GUGNIN provided false answers to a sanctions due diligence questionnaire indicating that Evita Investments did not "conduct business activity in, or have indirect exposure to" Russia.

(c) On or about July 11, 2024, a Russia-based co-conspirator of GUGNIN placed an order with a U.S. technology company for approximately 45 units of three export-controlled parts, including a development board and two types of radio frequency switches.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

COUNT THREE
(Money Laundering Conspiracy)

4. In or about and between April 2023 and June 2025, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant IURII GUGNIN, also known as "Iurii Mashukov" and "George Goognin," together with others, did knowingly and intentionally conspire to:

(a) transport, transmit and transfer monetary instruments and funds from one or more places in the United States to and through one or more places outside the United States, and to one or more places in the United States from and through one or more places outside the United States, (i) with the intent to promote the carrying on of one or more specified unlawful activities, to wit: bank fraud, contrary to Title 18, United States Code, Section 1956(a)(2)(A); and (ii) knowing that the monetary instruments and funds involved in the transportation, transmission and transfer represented the proceeds of some form of unlawful activity, and knowing that such transportation, transmission and transfer was designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of one or more specified unlawful activities, to wit: bank fraud, and to avoid one or

more transaction reporting requirements under state and federal law, contrary to Title 18, United States Code, Section 1956(a)(2)(B); and

(b) engage in one or more monetary transactions, within the United States, in criminally derived property of a value greater than $10,000 that was derived from one or more specified unlawful activities, to wit: bank fraud, contrary to Title 18, United States Code, Section 1957(a).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

COUNT FOUR
(Violation of International Emergency Economic Powers Act ("IEEPA"))

5. On or about October 6, 2022, within the Eastern District of New York and elsewhere, the defendant IURII GUGNIN, also known as "Iurii Mashukov" and "George Goognin," together with others, did knowingly and willfully violate, attempt to violate, and cause a violation of, one or more licenses, orders, regulations, and prohibitions issued under IEEPA, and the regulations promulgated thereunder, to wit: international wire transfer of 515,000.00 RUB from an account held at Alfa-Bank, without first obtaining the required approval of OFAC, contrary to Title 50, United States Code, section 1705, Executive Order 14024, and Title 31, Code of Federal Regulations, Section 587.201.

(Title 50, United States Code, Sections 1705(a) and 1705(c); Title 18, United States Code, Sections 2 and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNTS ONE, TWO AND FOUR

6. The United States hereby gives notice to the defendant that, upon his conviction of any of the offenses charged in Counts One, Two and Four, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title

28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offenses, including but not limited to:

(a) approximately $198,685.10 in Tether ("USDT"), seized on or about October 16, 2025 from a virtual currency wallet ending in iAVB, and all proceeds traceable thereto;

(b) approximately $30,000.00 in USDT seized on or about October 16, 2025 from a virtual currency wallet ending in nnQW, and all proceeds traceable thereto;

(c) approximately $124,055.94, seized on or about February 27, 2026 from Austin Capital Trust Company, LLC account number 1000001378, held in the name of Evita Pay Inc., and all proceeds traceable thereto;

(d) approximately $100,000.00, seized on or about February 27, 2026 from Austin Capital Trust Company, LLC account number 1000002186, held in the name of Evita Pay Inc. (Reserve), and all proceeds traceable thereto; and

(e) up to $64,188 on deposit in an account held at Layer2 Financial and/or Fortress Trust LLC in the name of Evita.USD.001 or for the benefit of Evita Pay Inc., and all proceeds traceable thereto.

7. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNT THREE

8. The United States hereby gives notice to the defendant that, upon his conviction of the offense charged in Count Three, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(1), which requires any person convicted of such offense to forfeit any property, real or personal, involved in such offense, or any property traceable to such property, including but not limited to:

(a) approximately $198,685.10 in USDT, seized on or about October 16, 2025 from a virtual currency wallet ending in iAVB, and all proceeds traceable thereto;

(b) approximately $30,000.00 in USDT, seized on or about October 16, 2025 from a virtual currency wallet ending in nnQW, and all proceeds traceable thereto;

(c) approximately $124,055.94, seized on or about February 27, 2026 from Austin Capital Trust Company, LLC account number 1000001378, held in the name of Evita Pay Inc., and all proceeds traceable thereto;

(d) approximately $100,000.00, seized on or about February 27, 2026 from Austin Capital Trust Company, LLC account number 1000002186, held in the name of Evita Pay Inc. (Reserve), and all proceeds traceable thereto; and

(e) up to $64,188 on deposit in an account held at Layer2 Financial and/or Fortress Trust LLC in the name of Evita.USD.001 or for the benefit of Evita Pay Inc., and all proceeds traceable thereto.

9. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other

property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(1) and 982(b)(1); Title 21, United States Code, Section 853(p))

by Alixandra Smith, Assistant United States Attorney

JOSEPH NOCELLA, JR.
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK